BLD-021                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2741
_____

IN RE: ERIK VANDERBECK,
                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. 3-15-cr-00165-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 3, 2022

Before:  AMBRO, KRAUSE, and PORTER, Circuit Judges

(Opinion filed: December 6, 2022)
_____

OPINION*
_____

PER CURIAM

   Pro se appellant Erik Vanderbeck has filed a mandamus petition related to his

federal criminal conviction.  We will deny the petition.

   In 2016, a jury found Vanderbeck guilty of federal crimes related to producing and

distributing child pornography.  He was sentenced to 264 months in prison.  We affirmed

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his conviction and sentence. See United States v. Vanderbeck, 702 F. App'x 54 (3d Cir. 2017). Vanderbeck's post-conviction challenges were unsuccessful. See Vanderbeck v. United States, C.A. No. 19-3799; In re Erik Vanderbeck, C.A. No. 21-3065. In September 2022, Vanderbeck filed a petition for a writ of mandamus in this Court, seeking to compel the District Court to explain how he communicated with a minor to produce pornography. He claims that he never met with the victim, never spoke to her on the phone, nor did he communicate with her on any social media platforms. In Vanderbeck's view, the answer to this question will determine his guilt or innocence.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted). Vanderbeck has not made that showing here. The issue in his petition appears to be an attack on his conviction that he could have raised on direct appeal. Because mandamus is not a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal," Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996), we will deny Vanderbeck's mandamus petition.